IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INSURED AIRCRAFT TITLE SERVICE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case Number CIV-05-1031-C ) |
| EMMONS AVIATION, L.L.C., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Emmons Aviation, L.L.C. (Emmons) removed this action from state court under diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and in accordance with 28 U.S.C. §§ 1441 and 1446. If Plaintiff's state court petition does not contain facts demonstrating diversity jurisdiction, Emmons has the duty to properly plead all facts essential to show diversity jurisdiction in the notice of removal, as there is a presumption against its existence. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Diversity jurisdiction is a restrictive and limited form of federal jurisdiction. Buell v. Sears, Roebuck & Co., 321 F.2d 468, 470 (10th Cir. 1963). "To be observant of these restrictions is not to indulge in formalism or sterile technicality but is essential to the proper exercise of limited jurisdiction." Id.

Plaintiff's state court petition lacks the necessary facts to establish diversity jurisdiction. Emmons' notice of removal also lacks the necessary facts to demonstrate diversity jurisdiction – neither the citizenship of Emmons' members nor the state of incorporation for Summit Group, Inc., are clearly alleged on the face of the notice of removal. See 28 U.S.C. § 1332(c); Laughlin,

50 F.3d at 873; Basso, 495 F.2d at 909.  Emmons did include the missing jurisdictional facts within its response brief to proposed intervener CNM Gulf Air, L.L.C.'s motion to remand; however, pleading jurisdictional facts within a brief is insufficient as "the existence of diversity must be affirmatively established on the face of either the [state court] petition or the removal notice."  Laughlin, 50 F.3d at 873.

Normally, Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1447(c) would require the Court to remand the action to state court.  However, it appears to the Court that Emmons has a basis for diversity jurisdiction and that dismissal at this juncture would be imprudent.  28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Buell, 321 F.2d at 471; Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988); 5 Charles Alan Wright et al., Federal Practice and Procedure § 1214 (3d ed. 2004).  Accordingly, the Court grants Emmons leave to file an amended notice of removal on or before October 27, 2005, in order to correct its deficient jurisdictional allegations.  Fed. R. Civ. P. 15(d); 28 U.S.C. § 1653.  If Emmons fails to timely file an amended notice of removal, the Court will remand the action to state court.

IT IS SO ORDERED this 21st day of October, 2005.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge